IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF,<br><br>v.<br><br>$164,980.82 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT NUMBER ENDING 8932; $24,273.80 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT NUMBER ENDING 2607; AND, $10,000 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT NUMBER ENDING 0718,<br><br>DEFENDANTS. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES plaintiff, United States of America, by Richard S. Moultrie, Jr., Acting United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its verified complaint for forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against the proceeds of a Paycheck Protection Program loan fraud scheme perpetuated by married couple, Jose Fernandez and Vanessa Cabrera, during the COVID-19 global pandemic.

1

## THE DEFENDANTS IN REM

2. The defendant property consists of the following funds that the Federal Bureau of Investigation ("FBI") seized, pursuant to a Federal search warrant, on or about May 25, 2021:

   a. $164,980.82 in funds from Navy Federal Credit Union account number ending 8932 in the name of Vanessa Cabrera ("Defendant $164,980.82");

   b. $24,273.80 in funds from Navy Federal Credit Union account number ending 2607 in the name of Vanessa Cabrera ("Defendant $24,273.80"); and,

   c. $10,000 in funds from Navy Federal Credit Union account number ending 0718 in the name of NTG LLC ("Defendant $10,000"),

(collectively, "Defendant Funds").

3. The Defendant Funds are presently located in a secure account maintained by the United States Marshals Service.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture

occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE
### Relevant Statutes

7. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to violations of 18 U.S.C. § 1349 (conspiracy to commit wire fraud and bank fraud), 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1344 (bank fraud).

### Factual Background

8. The investigation revealed the following during all times relevant herein:

*Relevant Individuals and Entities*

9. Jose Fernandez is an individual who at all times relevant herein resided in Dacula, Georgia.

10. Vanessa Cabrera is an individual who at all times relevant herein resided in Dacula, Georgia.

11. Jose Fernandez and Vanessa Cabrera are married.

12. Georgia Secretary of State records reflect that Fernandez Family Investments LLC was a domestic limited liability company established in the State of Georgia on or about February 28, 2017, with its principal office address located

at 1763 School House Trace, Dacula, Georgia. Jose Fernandez was the organizer and registered agent of Fernandez Family Investments.

13. Georgia Secretary of State records reflect that Fernandez Family Investments LLC was administratively dissolved on or about January 11, 2018, for failure to submit payment or fees.

14. Georgia Secretary of State records reflect that Fernandez Family Investments LLC applied for reinstatement and paid all fees and subsequently was reinstated on or about May 2, 2020.

15. Georgia Secretary of State records reflect that Everything Tax Inc. was a domestic profit corporation established in the State of Georgia on or about October 9, 2013, with its principal place of business located at 1227 Rockbridge Road, Stone Mountain, Georgia. Vanessa Cabrera was the incorporator and registered agent for Everything Tax Inc.

16. Georgia Secretary of State records reflect that Everything Tax Inc. was administratively dissolved on or about February 17, 2016, for failure to submit payment or fees.

17. Georgia Secretary of State records reflect that Everything Tax Inc. applied for reinstatement and paid all fees and subsequently was reinstated on or about June 2, 2020.

18. Georgia Secretary of State records reflect that Everything Housing LLC was a domestic limited liability company established in the State of Georgia

on or about April 18, 2020, with its principal office address located at 2700 Braselton Highway, Suite 10439, Dacula, Georgia. Vanessa Cabrera was the organizer and Jose Fernandez was the registered agent for Everything Housing LLC.

19. Georgia Secretary of State records reflect that NTG LLC was a domestic limited liability company established in the State of Georgia, on or about November 29, 2017, with its principal office address located at 2700 Braselton Highway, Suite 10439, Dacula, Georgia. Jose Fernandez and Vanessa Cabrera were the organizers.

20. Cloud Mart, LLC was a limited liability corporation established in the State of Florida on or about May 23, 2019, by Earvin Paulino with a principal place of business located at 1080 NW 54th Street, Miami, Florida 33127.

21. On or about December 22, 2020, Cloud Mart, LLC filed an amended annual report with the State of Florida, Secretary of State, changing the registered agent to National Tax Group. The amended annual report was electronically signed by Jose Fernandez. In addition, the authorized persons were updated to include Christian Paulino.

### *PPP Loan Fraud Scheme*

*The Small Business Administration*

22. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain

and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

23.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

24.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and was designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

25.     One source of relief that the CARES Act provided for was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

26.     The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses were required to use PPP loan proceeds for payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds for payroll expenses.

27. The amount of a PPP loan that a small business may have been entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

28. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

29. The SBA oversaw the PPP. However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, were transmitted by the lender to the SBA in the course of processing the loan.

*Jose Fernandez and Vanessa Cabrera Receive Funds Based on False and Fraudulent PPP Loan Applications*

30. In or around June 2020, Jose Fernandez and Vanessa Cabrera submitted and caused to be submitted five PPP loan applications.

31. Each of the applications contained materially false information regarding the average monthly payroll and number of employees.

32. Certain Internal Revenue Service ("IRS") forms, such as IRS Form 941, Employer's Quarterly Tax Return, and IRS Form 1120, U.S. Corporation Income Tax Return, were also submitted with the loan applications as supposed proof of income and payroll.

33. The investigation revealed, however, that none of these forms actually had been filed with the IRS.

34. Each of the PPP loan applications were approved, resulting in the disbursement of over $1.6 million in fraudulent PPP funds to bank accounts controlled by Jose Fernandez and/or Vanessa Cabrera.

35. The PPP loans, and resulting proceeds, are as follows:

| Entity | Date of PPP Loan Application (on or about) | PPP Loan Amount | Date of Disbursement (on or about) | Receiving Bank Account |
|---|---|---|---|---|
| Fernandez Family Investments LLC | 6/18/2020 | $403,226 | 06/19/2020 | Navy Federal Credit Union ending 1318 |
| Everything Tax Inc | 6/17/2020 | $405,041 | 06/19/2020 | Navy Federal Credit Union ending 4291 |

| Entity | Date of PPP Loan Application (on or about) | PPP Loan Amount | Date of Disbursement (on or about) | Receiving Bank Account |
|---|---|---|---|---|
| Everything Housing LLC | 5/23/2020 | $400,000 | 05/28/2020 | Navy Federal Credit Union ending 0656 |
| Cloud Mart LLC | 6/24/2020 | $437,541 | 06/29/2020 | TD Bank ending 5686 |
| NTG LLC | 4/09/2020 | $50,400 | 04/15/2020 | Navy Federal Credit Union ending 5467 |

**TOTAL: $ 1,696,208**

*Defendant $164,980.82 seized from NFCU 8932*

36. As described above, in paragraph 35, $403,226 was disbursed into Navy Federal Credit Union account ending 1318 ("NFCU 1318") on or about June 19, 2020. The investigation revealed that this account was opened on or about April 27, 2020, in the name of Fernandez Family Investments LLC, 2700 Braselton Hwy, Suite 10-439, Dacula, Georgia 30019. Jose Fernandez and Vanessa Cabrera were the signers on the account.

37. Within one week after the loan was funded, *i.e.* June 19, 2020, almost the entire $403,226 in loan proceeds was transferred to other accounts controlled by Jose Fernandez and Vanessa Cabrera.

38. As relevant here, between June 22, 2020, and June 26, 2020, 19 transfers were sent from NFCU 1318 to Navy Federal Credit Union account number ending 8932 ("NFCU 8932"), totaling $164,980.82.

39. NFCU 8932 was opened on or about February 28, 2019, in the name

9

of Vanessa Cabrera.

40. The FBI seized Defendant $164,980.82 from NFCU 8932 on or about May 25, 2021.

*Defendant $24,273.80 seized from NFCU 2607*

41. As described above, in paragraph 35, $437,541 in PPP loan proceeds was disbursed into TD Bank account ending 5686 ("TD 5686") on or about June 29, 2020. TD 5686 was opened on or about July 5, 2019, in the names of Christian Paulino and Earvin Paulino.

42. As relevant here, between August 11, 2020, and August 19, 2020, five (5) transfers were sent from TD 5686 to Navy Federal Credit Union account number ending 2607 ("NFCU 2607"), totaling $75,000.

43. NFCU 2607 was titled in the name of Vanessa Cabrera.

44. The FBI seized Defendant $24,273.80 from NFCU 2607 on or about May 25, 2021.

*Defendant $10,000 seized from NFCU 0718*

45. On or about March 13, 2019, NFCU 0718 was opened in the name of NTG LLC, 2700 Braselton Hwy 10439, Dacula, GA 30019. Jose Fernandez and Vanessa Cabrera were the signers on the account.

46. NFCU 0718 received transfers of at least $10,000 in PPP loan proceeds.

47. Specifically, on June 25, 2020, approximately six days after Fernandez Family Investments LLC's NFCU 1318 account received PPP loan fraud proceeds,

10

$5,000 was transferred from that account to NFCU 0718.

48. On the same date that Everything Tax Inc.'s NFCU 4291 account received PPP loan fraud proceeds, $5,000 was transferred from that account to NFCU 0718.

49. The FBI seized Defendant $10,000 from NFCU 0718 on or about May 25, 2021.

*Jose Fernandez Criminal Conviction for the PPP Loan Fraud Scheme*

50. On January 25, 2023, the United States Attorney's Office for the Northern District of Georgia charged Jose Fernandez with wire fraud related to the PPP loan fraud scheme alleged herein. The United States also charged Jose Fernandez with wire fraud, bank fraud and aggravated identity theft related to other fraud schemes. *See United States v. Fernandez*, 1:23-cr-00022-ELR (N.D. Ga.).

51. Jose Fernandez agreed to waive indictment and, pursuant to a written plea agreement, pleaded guilty to the PPP loan fraud scheme, as well as the other fraud schemes. *Fernandez*, 1:23-cr-00022, Doc. 16-1.

52. As part of the plea agreement, Jose Fernandez agreed to the forfeiture of certain property and also agreed to "waive[] and abandon[] his interest in any other property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property." *Fernandez*, 1:23-cr-00022, Doc. 16-1 at ¶ 25.

53. As part of the plea agreement, Jose Fernandez also agreed "to waive

any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case . . . on any grounds." *Fernandez*, 1:23-cr-00022, Doc. 16-1 at ¶ 30.

54. On June 29, 2023, the district court sentenced Jose Fernandez to a term of imprisonment of 70 months to be followed by a term of supervised release of three years.

*Administrative Proceedings*

55. The FBI initiated administrative proceedings against the Defendant Funds, on or about July 22, 2021.

56. Because the FBI could not confirm receipt of the notices regarding the initiation of administrative proceedings, the FBI sent additional notices of the initiation of administrative proceedings against the Defendant Funds on or about November 14, 2024.

57. On December 1, 2024, Vanessa Cabrera filed an administrative claim with the FBI, asserting that she is the owner of each of the Defendant Funds.

58. On the administrative claim, Vanessa Cabrera listed 108 Wyndham Drive, Winter Haven, FL 33884 as her address.

59. On December 16, 2024, Jose Fernandez filed an administrative claim with the FBI, asserting that he is the owner of Defendant $10,000.

60. On the administrative claim, Jose Fernandez listed 108 Wyndham

Drive, Winter Haven, FL 33884 as his address.

61. Pursuant to 18 U.S.C. § 983(a)(3), the FBI referred the matter for judicial forfeiture to the U.S. Attorney's Office for the Northern District of Georgia.

## FIRST CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

62. The United States re-alleges and incorporates by reference Paragraphs 1 through 61 of this complaint as if fully set forth herein.

63. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud and wire fraud).

## SECOND CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

64. The United States re-alleges and incorporates by reference Paragraphs 1 through 61 of this complaint as if fully set forth herein.

65. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud).

## THIRD CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

66. The United States re-alleges and incorporates by reference Paragraphs 1 through 61 of this complaint as if fully set forth herein.

67.     Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays:

(1)     that the Court forfeit the Defendant Funds to the United States of America;

(2)     that the Court award the United States the costs of this action; and

(3)     such other and further relief as the Court deems just and proper.

This 3rd day of March 2025.

Respectfully submitted,

RICHARD S. MOULTRIE JR.
*Acting United States Attorney*
*600 U.S. Courthouse*
*75 Ted Turner Drive SW*
*Atlanta, GA 30303*
*(404) 581-6000   fax (404) 581-6181*

SEKRET T. SNEED
*Assistant United States Attorney*
Georgia Bar No. 252939
sekret.sneed@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　PLAINTIFF,<br><br>　　v.<br><br>$164,980.82 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT NUMBER ENDING 8932; $24,273.80 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT NUMBER ENDING 2607; AND, $10,000 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT NUMBER ENDING 0718,<br>　　DEFENDANTS. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, W. Scott Baucom, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 3rd day of March 2025.

_____
W. Scott Baucom
Special Agent
Federal Bureau of Investigation